1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11  PEDRO RODRIGUEZ,
    Inmate Booking No. 14745493,
12
                                    Plaintiff,
13
14                      vs.
15
16  ROBERT S. STALL; LAURA
    ENGREM; F. MICHAEL GARCIA;
17  OFFICE OF ASSIGNED COUNSEL,
                                   Defendant.
18
19

Civil No.    14cv2646 LAB (DHB)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[Doc. No. 2]**

**AND**

**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**

20       Pedro Rodriguez ("Plaintiff"), currently housed at the Vista Detention Facility
21  located  in Vista, California, and proceeding pro se, has filed a civil rights complaint
22  ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).
23       Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to
24  Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3).

## I.

### PLAINTIFF'S MOTION TO PROCEED IFP

27       All parties instituting any civil action, suit or proceeding in a district court of the
28  United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

28 U.S.C. § 1914(a).[1]  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted a certified copy of his trust account statement required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a trust account official where he is currently incarcerated verifying his account history and available balances.  Plaintiff's statements show an average monthly balance of $45, average monthly deposits of $100, and an available balance of $44.75 in his account at the time of filing.  Based on this

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1  financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No.

2  3) and assesses an initial partial filing fee of $20 pursuant to 28 U.S.C. § 1915(b)(1).

3      However, the Watch Commander, or his designee, shall collect this initial fee only

4  if sufficient funds in Plaintiff's account are available at the time this Order is executed

5  pursuant to the directions set forth below.  *See* 28 U.S.C. § 1915(b)(4) (providing that

6  "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a

7  civil action or criminal judgment for the reason that the prisoner has no assets and no

8  means by which to pay the initial partial filing fee.");  *Taylor*, 281 F.3d at 850 (finding

9  that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

10  IFP case based solely on a "failure to pay . . . due to the lack of funds available to him

11  when payment is ordered.").  The remaining balance of the $350 total fee owed in this

12  case shall be collected and forwarded to the Clerk of the Court pursuant to the

13  installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

14                                      **II.**

15          **INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

16      **A.    Standard of Review**

17      Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the

18  PLRA also obligates the Court to review complaints filed by all persons proceeding IFP

19  and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]

20  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

21  terms or conditions of parole, probation, pretrial release, or diversionary program," "as

22  soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under

23  these statutes, the Court must sua sponte dismiss complaints, or any portions thereof,

24  which are frivolous, malicious, fail to state a claim, or which seek damages from

25  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);  *Lopez v.*

26  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2));  *Rhodes v.*

27  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

28      All complaints must contain "a short and plain statement of the claim showing that

1   the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are
2   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
3   mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
4   (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining
5   whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
6   requires the reviewing court to draw on its judicial experience and common sense." *Id.*
7   The "mere possibility of misconduct" falls short of meeting this plausibility standard.
8   *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

9       "When there are well-pleaded factual allegations, a court should assume their
10  veracity, and then determine whether they plausibly give rise to an entitlement to relief."
11  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
12  ("[W]hen determining whether a complaint states a claim, a court must accept as true all
13  allegations of material fact and must construe those facts in the light most favorable to
14  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
15  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

16      However, while the court "ha[s] an obligation where the petitioner is pro se,
17  particularly in civil rights cases, to construe the pleadings liberally and to afford the
18  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
19  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
20  "supply essential elements of claims that were not initially pled." *Ivey v. Board of
21  Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

22      **B.    Plaintiff's Complaint**

23      Plaintiff seeks to sue three attorneys who are employed by the Office of Assigned
24  Counsel and have been assigned to help him with his self representation in his criminal
25  proceedings. Plaintiff claims that Defendants have violated his right to "effective
26  representation" in violation of his constitutional rights. (Compl. at 3.)

27      It is not clear whether Plaintiff is currently defending himself in a criminal
28  proceeding or whether he has been convicted and sentenced in a criminal matter.

1  Regardless, it is clear that Plaintiff may not use the Civil Right Act, 42 U.S.C. § 1983,
2  to reverse a criminal conviction.  *See Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)
3  (holding that a writ of habeas corpus is "explicitly and historically designed" to provide
4  a state prisoner with the "exclusive" means to collaterally "attack the validity of his
5  confinement" in  federal court).  "Suits challenging the validity of the prisoner's
6  continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action
7  is a proper remedy for a state prisoner who is making a constitutional challenge to the
8  conditions of his prison life, but not to the fact or length of his custody.'"  *Ramirez v.*
9  *Galaza,* 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser,* 411 U.S. at 498-99).

10       Second, even to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based
11  on the alleged ineffectiveness assistance of his appointed counsel, his claims amount to
12  an attack on the validity of his underlying criminal conviction, and as such, are not
13  addressable under 42 U.S.C. § 1983, unless he alleges and can ultimately show that
14  conviction has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87
15  (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who
16  has fully exhausted available state remedies has no cause of action under § 1983 . . . .'")
17  (quoting *Heck*, 512 U.S. at 489).

18       *Heck* holds that "in order to recover damages for allegedly unconstitutional
19  conviction or imprisonment, or for other harm caused by actions whose unlawfulness
20  would render a conviction or sentence invalid, a section 1983 plaintiff must prove that
21  the conviction or sentence has been reversed on direct appeal, expunged by executive
22  order, declared invalid by a state tribunal authorized to make such determination, or
23  called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512
24  U.S. at 486-87.  A claim challenging the legality of a conviction or sentence that has not
25  been so invalidated is not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520
26  U.S. 641, 643 (1997).

27  / / /
28  / / /

1  In *Heck*, the Supreme Court held that:

2  > when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

8  *Heck*, 512 U.S. at 487 (emphasis added). An action barred by *Heck* should be dismissed

9  for failure to state a claim without prejudice to Plaintiff's right to file a new action if he

10  succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

11  Here, Plaintiff's ineffective assistance of counsel claims "necessarily imply the

12  invalidity" of his criminal conviction and continued incarceration. *Heck*, 512 U.S. at

13  487. In other words, were Plaintiff to succeed in showing that Defendants rendered

14  ineffective assistance of counsel, an award of damages based on this Sixth Amendment

15  violation would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*;

16  *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective

17  assistance claim petitioner must show that counsel's performance fell below objective

18  standard of reasonableness and that but for counsel's errors the result of the trial would

19  have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for

20  ineffective assistance of counsel is a conditional writ granting petitioner's release unless

21  state retries him or allows him to pursue an appeal with the assistance of counsel within

22  a reasonable time). Thus, because Plaintiff seeks damages based on allegedly

23  unconstitutional criminal proceedings, and because he has not alleged that his conviction

24  or sentence has already been invalidated, a section 1983 claim for damages may not yet

25  proceed. *See Heck*, 512 U.S. at 489-90.

26  ///

27  ///

28  ///

To the extent that Plaintiff is currently in the process of facing criminal charges and requests that this Court intervene in the state court's decisions, the Court declines to do so.  A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  Here, because it appears that Plaintiff has ongoing criminal proceedings in state court and requests this Court's intervention, abstention pursuant to the *Younger* doctrine is warranted.

Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3) is **GRANTED**.

2.      The Watch Commander, or his designee, shall collect the $20 initial filing fee assessed by this Order from Plaintiff's prison trust account, and shall forward the remaining $330 balance of the full fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's

income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIV LR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5.      The Clerk of Court is directed to mail a copy of a form § 1983 complaint.

DATED:  November 25, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge