*Pedro Rodriguez* , *SAN DIEGO CENTRAL JAIL*
(Name)

*1173 FRONT STREET, 925 South Melrose Dr.*
(Address)

*SAN DIEGO CA 92101*
(City, State, Zip)

*1475493*
(CDC Inmate No.)

NUNC PRO TUNC
3/25/15

**FILED**

Mar 26 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ darcig        DEPUTY

# United States District Court
## Southern District of California

*Pedro Rodriguez* ,
(Enter full name of plaintiff in this action.)

                                    )
                                    )
                                    )
                        Plaintiff,  )
                                    )
v.                                  )
        *CITY OF SAN DIEGO*         )
*MELISSA MITCHELL  COUNTY OF SAN DIEGO* )
*PATRICK ESPINOZA  CATHY PIERCE*    )
*MATT GRECO      VANESSA MAGANA*    )
*DA'S OFFICE OF SAN DIEGO  LETICIA LOPEZ-* )
                            *HIDALGO* )
(Enter full name of each defendant in this action )    )
                        Defendant(s). )
                                    )

Case No. *14CV2646 LAB*
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to
assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, _____
                                                                    (print Plaintiff's name)
*PEDRO RODRIGUEZ* , who presently resides at *1173 FRONT*
*STREET, SAN DIEGO CA 92101* (mailing address or place of confinement)
                                        , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at *SAN DIEGO*
*CENTRAL JAIL*         on (dates) *1/29/15 8/18/14* and _____
(institution/place where violation occurred)   (Count 1)   (Count 2)   (Count 3)

§ 1983 SD Form
(Rev. 2005)

2. **Defendants**: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___MELISSA MITCHELL___ resides in ___SAN DIEGO___
(name) (County of residence)
and is employed as a ___PARALEGAL VIST DA's OFFICE___. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: __While Employed at VISTA DAS OFFICE 325__
__S MELROSE DRIVE VISTA CA 92081, MITCHELL DID WITHOLD__
__EVIDENCE DENYING DEFENDANT A FAIR TRIAL AT PRELIM__

Defendant ___PATRICK ESPINOZA___ resides in ___SAN DIEGO___
(name) (County of residence)
and is employed as a ___DISTRICT ATTORNEY VISTA DAS OFFICE___. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: __While employed at VISTA DAS OFFICE 325__
__S Melrose Drive VISTA CA 92081, PATRICK ESPINOZA DID__
__Refuse to turn over Discovery In His hand In court__

Defendant ___MATT GRECO___ resides in ___SAN DIEGO___
(name) (County of residence)
and is employed as a ___DA VISTA DAS OFFICE___. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: __MATT GRECO HAS WITheld evidence,__
__And Charged THE DEFENDANT With INSURANCE FRAUD__
__UNDER VICODE 2101a without giving notice required under 2113__

Defendant ___CATHY PIERCE___ resides in ___SAN DIEGO___
(name) (County of residence)
and is employed as a ___Investigator VISTA DAS OFFICE___. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: __AS Investigator FOR VISTA DA'S OFFICE CATHY__
__PIERCE DID CONSPIRE WIth MATT GRECO, VANESSA__
__MAGANA, Leticia LOPEZ-HIDAIGO To Charge PETITIONER__
__RODRIGUEZ With 2101a without giving notice Under VI__
__Code 2113 Denying equal Protection under the law.__

Defendant VANESSA MAGANA resides in SACRAMENTO
(name) (County of residence)
and is employed as a CRIMINAL INVESTIGATOR . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: While employed by Employment Devopment Dept, Investigation
DIVISION PO BOX 826880, MIC43, SACRAMENTO CA 94280. VANESSA
Magana co-conspiring with Matt Greco and Cathy Pierce Did charge
Plaintiff under 2/10/11 without required notice under UI code 2113

Defendant LETICIA LOPEZ-HEDALGO resides in SACRAMENTO
(name) (County of residence)
and is employed as a Supervising CRIminal Investigator . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: While employed by Employment Development Dept Investigation
DIVISION PO Box 826880 MIC43 SACRAMENTO CA 94280 Leticia Lopez-
Hidalgo working In Concert With Vanessa Magana, Matt Greco and Cathy
Pierce Did Charge Petitioner Pedro RODRIGUEZ Under UI code 2/10/11
without required notice Under UI code 2113

Defendant CITY OF SAN DIEGO resides in SAN DIEGO
(name) (County of residence)
and is employed as a . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THE policies /customs OF THE SAN Diego District
Attorneys office make both the City and County of SAN Diego
Liable Under Monell v Department of Social Services New York 4X6
US 658 98 S ct

Defendant County OF SAN DIEGO resides in SAN Diego
(name) (County of residence)
and is employed as a . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: The policies/customs of THE SAN Diego District
Attorneys office Make both the City and County OF SAN Diego
Liable Under Monell v Dept of Social Services of New York
436 US 658, 98 S ct

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: ___14th Amendment___
___equal Protection under the law___ (E.g., right to medical care, access to courts, UI Code 2/010, UICODE 2113
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

THE UNEMPLOYMENT INSURANCE Claim For Pedro Rodriguez was cancelled Pending INVESTigation 1/23/2015, Meaning an Investigation had Not begun by the employment Development Dept when DA Matt Greco filed charges against the Petitioner Pedro Rodriguez, The Petitioners Mother Gloria Rodriguez, and the Petitioners brother Juan Rodriguez Six days later on 1/29/2015 with No Notice. The defendant was entitled to a 10 day Notice of intent which he did not recieve violating his right to equal protection under the law, Argument Unemployment Insurance code 2113 reads "The dept shall by Mail or personal service give the person written notice of Intent to file a criminal complaint under section 2101 or 2102 Not less than 10 days Prior to the filing of the criminal complaint." People v Belvich (1986) CA App 4th Dist 189 CA APP 3rd 1449 THE Employment Development Dept failed to give defendant 10 days written notice of its intent to file a complaint as required by Unemployment Insurance Code 2113. The defendant is entitled to equal Protection of the law under the 14th Amendment

Count 2: The following civil right has been violated: _5th 6th 14th Amadment_

_right to due Process at Preliminary Hearing._
(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
by name, did to violate the right alleged in Count 2.]

An Informal Request for Discovery was was made 7/17/2014 30 days before The Petitioners Preliminary Hearing 8/18/2014; People v Superior Court (STURM) (1992) 9 CA 4th 172 11 CR2d 652. AT Prelim The Petitioner requested discovery in the hands of DA Patrick Espinoza Which the DA's office refused to turn over. The lead investigator testified to illegally tapping Into the Petitioners online accounts outside of a warrent as well as the DA's office eaves dropping on the petitioners Privledged Phone calls while the Petitioner was acting as his own attorney. Since this information was withheld the Petitioner was unable to develop an affirmitive defense under Crane V Kentucky (1586) 476 US 683 90 L ED and denied a fair trial at Prelim under Brady V Maryland (1963) 373 US 83, 10 L Ed 2d 215

<u>Count 3</u>:  The following civil right has been violated:_____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____
_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_____

(d)  Issues raised: _____
_____
_____
_____
_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☐ Yes ☒ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought. Charges Filed
While defendant was In Custody
_____
_____
_____
_____
_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): _Further Prosecuting case._
_USE of evidence Testimonial or real in cases_
_CN 340334, CN 33847_

    2. Damages in the sum of $ _____.

    3. Punitive damages in the sum of $ _____.

    4. Other:_____

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.     **OR**     ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

5/21/15 PLN

Date
5/23/15

Signature of Plaintiff

COPY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## NORTH COUNTY DIVISION

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

JAN RODRIGUEZ,
  *dob 05/05/93;*

EDRO RODRIGUEZ,
  *dob 04/03/72*
  *aka Pedro Luis Rodriguez;*

Defendants

CT No.  CN340334
DA No.  OBZ514

AMENDED
COMPLAINT-FELONY

F I L E D
Clerk of the Superior Court

JAN 29 2015  ← 6 days Later

By: T. V. Macias, Deputy

INFORMATION

Date: _____

## PC296 DNA TEST STATUS SUMMARY

| Defendant | DNA Testing Requirements |
|---|---|
| RODRIGUEZ, JUAN | DNA sample required upon conviction |
| RODRIGUEZ, PEDRO | DNA sample required upon conviction |

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
|---|---|---|---|---|---|
| 1 | PC182(a)(5) RODRIGUEZ, JUAN RODRIGUEZ, PEDRO | Felony | 16-2-3 | Wobbler | |
| 2 | PC182(a)(1) RODRIGUEZ, JUAN RODRIGUEZ, PEDRO | Felony | Check Code | | |
| 3 | PC32 RODRIGUEZ, JUAN | Felony | 16-2-3 | | |
| 4 | UI2101(a) RODRIGUEZ, JUAN RODRIGUEZ, PEDRO | Felony | 16-2-3 | we took jurisdiction of San Diego~ | |
| 5 | PC182(a)(1) RODRIGUEZ, JUAN | Felony | Check Code | | |

PEDRO L RODRIGUEZ SSN: 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

## UI CLAIM NOTES SCREEN

PAGE 001 OF 007
PROGRAM CODE

| SSA | NAME | BYB DATE | |
| --- | --- | --- | --- |
| 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 PEDRO | L RODRIGUEZ | 07-13-14 | UI-A |

TO ADD A NOTE, TYPE NOTE BELOW AND PRESS ENTER:

01-23-2015 017J0852
    OP $11,115 CANCELED ADJ CODE 17; OP EST IN ERROR. CASE PENDING INVEST-
    IGATION.
01-21-2015 019J8064
    OP ESTABLISHED 19WE112914 PER DE1080 MLD 011415. CORR TO OPS 022215.
                                                        PAGE 002 OF 007

01-21-2015 019J8064
    01/22/15 OP $11115.00 W/E 07/26/4, LANG 0.
01-21-2015 019J7277
    PER INSTRUCTIONS FROM INVESTIGATIONS SUPERVISOR- THE DEPT IS TO PROCE
    EED WITH THE OP ESTABLISHMENT IN ACCORDANCE TO OP POLICY
01-13-2015 019J1760
    OP/FF SENT (AA ISSUE & IRN ISSUE)
01-13-2015 019J1760
    01/13/15 AA DISQ  07/13/14 INDEFINITE AA360G IDD 12/23/2014.
    01/11/15 FS DISQUALIFIED 15 WEEKS MI45D
01-13-2015 019J1760
    01/13/15 IRR DISQ  07/13/14 INDEFINITE MI5E IDD 12/23/14.
    01/11/15 FS DISQUALIFIED 5 WEEKS MI45B
                                                        PAGE 003 OF 007

01-13-2015 019J1760
    01/14/15 (07-13-14) D   IRR #1 DISQ, FS  #0 DISQ. AA  #1 DISQ, FS  #0
    DISQ, 16:55, IDD:122314, LANG 0, JTA.
12-31-2014 019J6050
    EDDCOMM REF 8908963 RCVD 122914. TOPIC ADD/PHONE CHANGE. ADVSD CLMT
    DEPARTMENT'S RECORD INDICATE THE PH NUMBER YOU ARE REQUESTING IS
    CURRENT.
12-31-2014 180J9927
    EDDCOMM 8908604 122914 RE DET PROVIDED WC#
12-30-2014 019J1760
    TCTC (650) 504-7036 AT 1:04 PM REGARDING DET, ANSWERING MACHINE/VOICE
    MAIL IS FULL. UNABLE TO LEAVE MESSAGE.
12-30-2014 019J1760
    ER: NIBBI BROTHERS PH# 415-863-1820

Macro version 7.0                **Page 4 of 12**



eDiscovery Packet Manifest
================================================================
File: DISCOVERY_PACKET_1005298_15_520197_20150305_172434.zip
Defendant: Pedro Rodriguez
Defense Attorney: O.A.C. eDiscovery
DA Number: OBZ514
Court Number: CN340334
Filing Type: Felony
Discovery Number: 1005298-15
================================================================
Item Type: Agency Report
        Pages/Qty.: 9
        Filename: 1005298_Right Side - Discovery REDACTED_3_5_2015_4_38_31 PM Bates 290-298.pdf
================================================================

MAR. 5. 2015 12:51PM    EDD INVESTIGATIONS                                    NO. 3564    P. 2



**Employment
Development
Department**
State of California



| LAST NAME | FIRST NAME | MIDDLE NAME | BADGE NO. | PHONE NO. |
|---|---|---|---|---|
| Magana | Vanessa | | 155 | 916-653-7563 |

ADDRESS
EDD Investigation Division, MIC 43
P.O. Box 826880, Sacramento, CA 94280

CASE NUMBER
FP201500001

| LAST NAME | FIRST NAME | MIDDLE NAME | DOB | AGE | SEX | RACE |
|---|---|---|---|---|---|---|
| Rodriguez | Pedro | L | 04-03-1972 | 42 | M | H |

| HAIR | EYES | HEIGHT | WEIGHT | DL NUMBER | STATE | SOCIAL SECURITY NO. |
|---|---|---|---|---|---|---|
| BRN | HZL | 6'2" | 230 | A3419955 | CA | 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 |

| HOME ADDRESS | HOME PHONE NO. |
|---|---|
| 718 Cassia Street, Redwood City, CA 940632 | 650-504-7036 |

| WORK ADDRESS | WORK PHONE NO. |
|---|---|
| UNK | UNK |

## DETAILS

On or about 01-23-15, the Employment Development Department Investigation Division (EDD ID) was contacted by San Diego County District Attorney Investigator Cathy Pierce (Pierce). Pierce alleged that Pedro L. Rodriguez (Rodriguez) during continuous incarceration at the San Diego County Jail, since 07-03-14, was believed to be conspiring with his relatives to file for State of California Employment Development Department (EDD) Unemployment Insurance (UI) benefits on his behalf (in his name). Due to Rodriguez's incarceration, his inability to accept full time work each workday would have precluded him from obtaining UI benefits.

Review of EDD records show an UI claim was filed in the name of Rodriguez with a Benefit Year Beginning (BYB) effective date of 07-13-14. A total of $8,550.00 was paid in UI benefits for the period of week ending 07-19-14 through week ending 12-13-14 in which he was not entitled to receive due to being incarcerated. The investigation revealed that claim forms were mailed to Rodriguez's address on file (718 Cassia Street, Redwood City, CA, 94063); the forms were completed and submitted to the EDD, verifying and attesting to the facts presented on the official EDD correspondence.

1

291

Case FP201500001                                                                      Pedro L. Rodriguez

## UNEMPLOYMENT INSURANCE CLAIM (BYB 07-13-14)

EDD records show a UI claim was filed with the EDD in the name of Rodriguez with a BYB effective date of 07-13-14. Claimant information shows Rodriguez's Social Security Number of 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, Date of Birth as 04-03-72, address as 718 Cassia Street, Redwood City, CA, 94063 with telephone number as (650)504-7036. The full weekly benefit amount was $450.00. A total of $8,550.00 was paid in UI benefits for the period of week ending 07-19-14 through week ending 12-13-14. The UI benefits were paid through an EDD Bank of America (BofA) Debit Card (EDD Debit Card). **(Exhibit 1)**

Eleven (11) EDD Continued Claim Forms (DE 4581) were submitted for Rodriguez's claim for the period of week ending 07-19-14 through 12-13-14. The Continued Claim forms showed Rodriguez's name and Social Security Number. The individual certifying Rodriguez's Continued Claim forms failed to report Rodriguez's inability to accept full time work each workday during the periods that were certified for continued UI benefits. **(Exhibit 2)**

EDD records revealed that Rodriguez's UI claim application was processed using the EDD EApply4UI system via the Internet with a submission date of 07-17-14 and was assigned confirmation number 18239991. On or about 01-27-15, Criminal Investigator Vanessa Magana (CI Magana) obtained a copy of Rodriguez's UI EApply Application and corresponding Internet Protocol (IP) address from the EDD ID Criminal Intelligence Unit. **(Exhibit 3, Exhibit 4)**

## INTERNET PROTOCOL INFORMATION

When a UI claim is filed online, EDD automatically maintains certain information regarding the filing of the claim. This information includes the date and time the claim was submitted, the name of the person for whom the claim was filed, and the IP address of the computer being used to file the claim. An IP address is a unique numeric address used to identify computers on the Internet. Under some circumstances, IP address information can help identify the person who accessed the Internet at a particular time and/or where that access occurred.

On 01-27-15, CI Magana accessed the Internet Website "http://whatismyipaddress.com" and entered the corresponding IP address assigned to Rodriguez's EApply application. The IP address was 108.91.174.204. The Website's results indicated the Internet Service Provider (ISP) as AT&T U-verse. **(Exhibit 5)**

On 02-03-15, CI Magana faxed a Subpoena Duces Tecum to AT&T Internet Services, Legal Compliance, requesting the IP address account holder information for IP address 108.91.174.204. **(Exhibit 6)**

On 03-03-15, CI Magana received the requested information from AT&T. **(Exhibit 7)** It contained the following AT&T U-Verse Customer Account Details information:

- IP Address          108.91.174.204
- Account ID          116850112
- Account Name     Julio Rodriguez

2

292

## BofA PHOTOS

CI Magana examined Rodriguez's BofA EDC transaction history and discovered several cash withdrawals were made with the EDC at BofA ATMs. On 02-02-15, CI Magana requested from BofA the surveillance images (photos) from the ATMs where withdrawals were made using the EDC. On 02-04-15 and 02-05-15, CI Magana received the surveillance photos from BofA for fifty-three (53) times the EDC was used spanning thirty-four (34) dates. A total of one hundred nineteen (119) photos were received for the following dates:

| | | | | | |
|---|---|---|---|---|---|
| 08-01-14 | 08-08-14 | 08-16-14 | 08-17-14 | 08-18-14 | 08-29-14 |
| 09-01-14 | 09-02-14 | 09-13-14 | 09-14-14 | 09-26-14 | 09-27-14 |
| 09-28-14 | 10-10-14 | 10-11-14 | 10-14-14 | 10-24-14 | 10-26-14 |
| 10-27-14 | 11-07-14 | 11-08-14 | 11-10-14 | 11-21-14 | 11-23-14 |
| 11-25-14 | 12-05-14 | 12-06-14 | 12-07-14 | 12-19-14 | 12-20-14 |
| 12-22-14 | 12-23-14 | 12-24-14 | 12-25-14 | | |

All surveillance photos received for those dates show a female that appears to be Rodriguez's mother, Gloria Jane Rodriguez (based on her California Department of Motor Vehicle Driver License photograph, E0017399), using the ATM and withdrawing money at the time the EDC was used. **(Exhibit 11, Exhibit 12)**

## INTERVIEW OF BofA REPRESENTATIVE

On 03-03-15, CI Magana conducted a telephonic interview of Sabrina Clark (Clark), BofA Vice President, Sr. Product Sales Specialist. Clark serves as the Program Manager for the EDD BofA debit card program. Clark has been the program manager and has worked for BofA for approximately 5 years. Clark is the single point of contact for any issues or court related matters that may arise for the EDD BofA debit card program. She manages all the day to day program needs. Clark confirmed BofA sent to CI Magana through e-mail on 01-29-15, the BofA EDC account profile information and transaction history for Rodriguez. Clark also confirmed BofA sent CI Magana through e-mails on 02-04-15 and 02-05-15, the 119 surveillance photos from 08-01-14 through 12-25-14 were sent to CI Magana. **(Exhibit 13)**

## OVERPAYMENT

Note: The overpayment amount does not include the 30% administrative penalty of **$2,565.00.**

Under section 2735.1 of the CUIC, if an individual has been overpaid UI benefits because he or she willfully, for the purpose of obtaining UI benefits, either made false statement or representation, with actual knowledge of the falsity thereof, or withheld a material fact, shall be assessed an amount equal to 30% of the overpayment amount. Therefore, Rodriguez is responsible for a total of **$11,115.00** in restitution owed to the EDD.

4

294

Case FP201500001                                                              Pedro L. Rodriguez

13.   Record of Interview for Bank of America Representative Sabrina Clark dated 03-03-15


**WITNESS LIST**

Vanessa Magana – Criminal Investigator, can testify regarding the investigation
Employment Development Department, Investigation Division
P.O. Box 826880, MIC 43
Sacramento, CA 94280
Telephone number: (916) 653-7563
vanessa.magana@edd.ca.gov

Sabrina Clark – Vice President, Sr. Product Sales Specialist, can testify regarding the Bank of
America EDD Debit Card records
Bank of America
2205 Sunset Blvd.
Rocklin, CA 95765
Telephone number: (916) 730-2948
sabrina.clark@bankofamerica.com


_____  3/5/15
Vanessa Magana          Date
Criminal Investigator


Approved by:

_____  3/5/15
Leticia Lopez-Hidalgo    Date
Supervising Criminal Investigator I

6

296

*No Tax Header*

 **EDD** Employment
Development
Department
State of California

## INVESTIGATION DIVISION
## NOTICE OF INTENT TO REQUEST CRIMINAL COMPLAINT

<u>REFER TO</u>

SSN:

Date Mailed or
Personally Delivered:

Investigation
Area Office:

File No.:

On the following date(s) from _____ through (intermittently) _____

you claimed benefits to which you were not entitled under statutes administered by the California Employment
Development Department.

Pursuant to Section 2113 of the California Unemployment Insurance Code, you are hereby advised that it is the
intention of the Employment Development Department to prosecute you for violation of Section 2101 of the Code.
On or after _____, this case will be submitted to the proper prosecuting authority for
issuance of a criminal complaint.

Willful misstatement to obtain or increase benefits is a criminal violation under Section 2101 of the California
Unemployment Insurance Code, punishable by imprisonment in the County Jail not to exceed one year, or in the
State Prison, or by a fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment,
at the discretion of the court. The Code also mandates that if convicted under Section 2101, you will be assessed
administrative penalties, to include forfeiture of any benefits for a period of 52 weeks, beginning with the week in
which the complaint was filed. Sections 1375.1 and 2735.1 of the Code also direct that a 30 percent penalty be
added to the amount of money you were overpaid as a result of these acts.

In addition to the punitive and administrative penalties above, conviction of this offense requires that you repay all
benefits you may have received between the date the complaint was filed and the date of conviction. Further,
beginning with the filing date of the criminal complaint, payment of benefits will be suspended until the matter is finally
disposed of by the court.

Investigator _____

I received the original of this notice on _____.

Claimant _____

DE 2113A Rev. 10 (5-08) (INTRANET)          Page 1 of 1                                    CU

298

Attachment A

PEDRO RODRIGUEZ
Booking #14745493
OAC
450 B STREET SUITE 840
SAN DIEGO CA 92101

RECEIVED

OCT 1 ? 2014

Criminal Business Office

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,) | Case No. CN 33477 |
| ) | |
| Plaintiff, ) | MOTION FOR SANCTIONS |
| STATE OF CALI FORNIA ) | PER PENAL CODE 1054.5 (B), |
| Vs. ) | PENAL CODE 1054.5 (C) |
| ) | 14th amendment due process clause |
| ) | VIOLATION |
| PEDRO RODRIGUEZ   , ) | Date: |
| Defendant. ) | Time: |
| ) | Dept: |
| ) | Honorable |

        DEFENDANT RESPECTFULLY MOVES THE COURT TO Sanction the
prosecution for not providing Materials requested during the continued hearing
7/17/2014 and 8/18/2014.Per Penal Code section 1054.5 (B),(C)  The defense requests
that the following sanctions be imposed on the prosecution:

   The prosecutor in this case, Matt Greco, be held in contempt;

   The testimony of all prosecution witnesses related to the prosecution's failure to disclose be
prohibited;

   The presentation of real evidence related to the prosecution's failure to disclose be
prohibited;

1  PEDRO RODRIGUEZ
2  Booking #14745493
   OAC
3  450 B STREET SUITE 840
4  SAN DIEGO CA 92101

5

6

7

8

9         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10            IN AND FOR THE COUNTY OF SAN DIEGO
11

12
   PEOPLE OF THE STATE OF CALIFORNIA,) Case No. CN283477
13                                    )
14            Plaintiff,              ) MOTION TO COMPEL DISCOVERY
          STATE OF CALI FORNIA        )PER PENAL CODE 1054.1
15  vs                                )
16                                    )
                                      )
17  PEDRO RODRIIGUEZ  ,               ) Date: 8/18/2014
18            Defendant.              ) Time: 900 AM
                                      ) Dept:  6
19  _____ ) Honorable

20

21      DEFENDANT RESPECTFULLY MOVES THE COURT TO that  the
22  Court compel discovery of the items previously requested
23  informally of the prosecution on _ 7/17/2014_ _, and not
24  given to the defense.

25

26

27

28

                                              Page 1 of 10

CN340334 DA OBZ514002

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☐ CENTRAL  ☐ EAST  ☐ NORTH  ☐ SOUTH

DATE 3-13-15  AT 1 30 P.M.

*Motion to Reduce DA mtn to dismiss go back of
faysd, mtn to dism whdw 5th, 6th, 14th Amdmnts
faile to reduce kneed to prosecution for expert*

PRESENT: HON. Richard Monroy

JUDGE PRESIDING, DEPARTMENT

CLERK M Ragan

REPORTER V. Evans  CSR# 12383
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112 / Per

THE PEOPLE OF THE STATE OF CALIFORNIA

Matthew Greco
DEPUTY DISTRICT ATTORNEY / DEPUTY ATTORNEY GENERAL

VS.

Rodriguez, Pedro

Propia
ATTORNEY FOR DEFENDANT (PD / APD / OAC / RETAINED)

DEFENDANT

VIOLATION OF PC182(a)(5) PC182(a)(1) or 211.01(a) PC182(b)(1)

ALLEG(S) PC 470(b) PC766(a)(4)  ☐ PUBLIC INTERP. _____ OATH ON FILE / SWN.

PRIOR(S) _____ LANGUAGE _____

DEFENDANT ☒ PRESENT  ☐ VIA AUDIO / VIDEO  ☐ SELF REPRESENTED  ☐ NOT PRESENT  ☐ AFFIDAVIT REQUESTED  ☐ NOT PRODUCED

**LAW AND MOTION**  ☐ TRIAL DATE _____ ☐ READINESS DATE _____ REMAINS AS SET / CONFIRMED / VACATED.
☐ COUNSEL & DEFENDANT STIPULATE TO PRELIMINARY / GRAND JURY TRANSCRIPT AS FACTUAL BASIS FOR PC995 / PC1538.5 MOTION.
☐ DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC995 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
  ☐ GRANTED AS TO: _____ ☐ DENIED AS TO: _____
☐ DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PER PC1538.5 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
  ☐ GRANTED AS TO: _____ ☐ DENIED AS TO: _____
☐ PEOPLE'S / DEFENDANT'S MOTION FOR DISCOVERY IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
  ☐ GRANTED AS TO: _____ ☐ DENIED AS TO: _____
☐ DEFENDANT'S PETITION FOR DISMISSAL PURSUANT TO PC1203.4 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION. ☐ ORDER SIGNED AND FILED.
☐ PRIOR CONVICTION SET ASIDE, NOT GUILTY PLEA ENTERED.  CHARGES DISMISSED PURSUANT TO PC1203.4.
☐ DEFENDANT'S MOTION FOR REDUCTION OF COUNT _____ TO A MISDEMEANOR IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
☐ MOTION FOR (OUTGOING) JURISDICTIONAL TRANSFER PURSUANT TO PC1203.9 IS ☐ GRANTED ☐ SUPPLEMENTAL ORDER SIGNED AND FILED.
  ☐ DENIED -- REASON: _____
  ☐ CASE AND JURISDICTION TO BE TRANSFERRED TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____
  ☐ DEFENDANT IS ORDERED TO REPORT TO THE PROBATION DEPT. IN THE RECEIVING COUNTY WITHIN 30 / ___ DAYS.
  ☐ BALANCE OF VICTIM RESTITUTION, FINES, AND FEES THAT REMAIN DUE ARE DOCUMENTED ON THE PAYMENT AUDIT FORM ATTACHED.  BALANCE TO BE
    PAID THROUGH THE LOCAL COLLECTION ENTITY OF THE RECEIVING COURT.
☐ INCOMING JURISDICTIONAL TRANSFER PURSUANT TO PC1203.9 IS ☐ ACCEPTED ☐ REFUSED -- REASON: _____
  ☐ ORDER GRANTING PROBATION IS SIGNED AND FILED.
☐ OFFICE OF PUBLIC DEFENDER/ _____ ☐ APPOINTED ☐ RELIEVED.
☐ MOTION OFF CALENDAR WITH / WITHOUT PREJUDICE. _____

| PEO. DEFT. WITNESSES SWORN & EXAMINED | P.D.C | NO. | EXHIBIT DESCRIPTION | MRKD | RCVD |
|---|---|---|---|---|---|
| Motion to Rebuse DA - Denied. | | | | ☐ | ☐ |
| mtn to Dismiss vi Calo 2113, 5th, 6th, 14th Amendments & Brady violations - Denied | | | | ☐ | ☐ |
| mtn to Dismiss for lack of jurisdiction - Denied | | | | ☐ | ☐ |
| mtn to Reduce to misd - Denied | | | | ☐ | ☐ |

**PROBATION** ☐ PROBATION IS ☐ MODIFIED ☐ CONTINUED, SAME TERMS AND CONDITIONS.
**FUTURE HEARINGS** ☐ DEFENDANT WAIVES STATUTORY TIME FOR TRIAL.
Pre lim _____ CONTINUED TO / SET FOR 4-2-15 AT 8 45 IN DEPT. 5
ON MOTION OF COURT / DDA / DEFENDANT. REASON:
TRIAL DATE _____ REMAINS AS SET / CONFIRMED / VACATED.  READINESS DATE _____ REMAINS AS SET / VACATED.
READINESS CONTINUED TO / SET FOR _____ AT _____ IN DEPT No  MOTIONS DUE _____ DAYS LEFT _____
**CUSTODY STATUS** ☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ BAIL SET AT / REDUCED / INCREASED TO $ 100,000  ☐ PC1275.1 HOLD.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY THIS CASE ONLY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED.
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ _____ ☐ ON PROBATION. ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ 4TH AMENDMENT WAIVER: IMPOSED. / REMAINS IN EFFECT. / DELETED.  ☐ PROTECTIVE ORDER: ISSUED /REMAINS IN EFFECT. / MODIFIED / TERMINATED.
**BONDS/WARRANTS** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____ ☐ COUNSEL REPORTS NO CONTACT WITH DEFENDANT.
☐ SERVICE FORTHWITH.  ☐ ORDERED WITHELD TO _____ ☐ BENCH WARRANT ISSUED/ORDERED _____ IS RECALLED/RESCINDED.
☐ DECL. OF NON-COLLUSION & RE-ASSUMPTION OF LIABILITY FILED. ☐ BAIL FORF. IS SET ASIDE. ☐ BAIL ☐ REINSTATED ☐ EXONERATED ☐ FORFEITED
☐ UPON PAYMENT OF COURT COST $ _____ WITHIN 30 DAYS. ☐ COST WAIVED. BOND AMT $ _____ BOND NO. _____
BOND COMPANY _____ AGENT _____
**OTHER** Expert mtn for appt of expert to be processed thru the thorough the
is new procedure is established.

Date: _____ ATTEST A TRUE COPY, Clerk of the Superior Court by _____ Deputy

Distribution by _____ on _____ to JAIL  DEFT.  ATTY.  PROS.  PROB.  R&R  Other: _____

**FELONY MINUTES - LAW & MOTION**

SDSC CRM-002D (Rev. 10/12)

Pedro Rodriguez
Booking #14745493
OAC
450 B Street suite 840
SAN DIEGO CA 92101


IN THE SUPEROOIR COUR OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA) | CT NO CN340344 |
| PLAINTIFF ) | DA NO OBI514 |
| ) | IN CAMERA HEARING DEMANDED |
| V ) | MOTION TO DISMISS |
| ) | UNDER 5TH, 6TH, AND |
| PEDRO RODRIGUEZ ) | 14TH AMENDMENT VIOLATIONS |
| DEFENDANT ) | CCP 2018.020, 2018.030, |
| ) | Penal code 2601 |


The defendant moves the court for dismissal on the grounds that while acting as his own attorney from 7/7/2014 under the rights guaranteed him under Faretta V California (1975) 422 US 61 L ED 2d 562, DA attorney Matt Grecco did violate the defendants right to prepare and execute a defense by ease dropping on privileged conversations in violation of CCP 2018.020, 2018.030, penal code 851.5, 2600, 2601 evidence code 912, 917 and 954. Defendant requests in Camera Hearing.


MEMORANDUM OF POINTS AND AUTHORITIES

_ _[STATEMENT OF FACTS]_ _

The defendant requested pro per Status 7/7/2014 and was granted pro per status 7/17/2014 in dept 5  before the honorable Carlos Amour in case number SCN333477. Reporters Transcript July 17 2014 pg 10 line 28 states "Mr. Rodriguez you are now the attorney." And in the OAC Pro per Starter Kit under title Court appearances paragraph 3says "Under California law a pro per has a right to protect his work product." Also as codified in Penal Code 851.5, 2600, California code of Civil Procedure 2018.020, 2018.030, evidence code 912, 954 and 917.

_ _[ARGUMENT]_ _

Upon being directed by the court " Mr. Rodriguez you are now the attorney", the defendant was guaranteed the right of privilege as an attorney to protect and develop his investigation; whether favorable or unfavorable so the defendant may present a complete defense. The defendant is entitled to weigh all trial strategies without an adversary gaining a undue advantage by eavesdropping as stated in Coito v Superior CT (2012) 54 Cal 4th 480. California code of civil procedure 2018.020 it is the policy of the state to do both the following a) "Preserve the rights of attorneys to prepare cases for trial with a degree of privacy to investigate not only the favorable but unfavorable aspects of the case. B) Prevent attorneys' from taking undoadvantage of their adversary's industry and efforts. 2018.030 a A writing that reflects an attorneys impression, conclusion, opinion or legal research or theories is not discoverable under any circumstances.

Upon designating the defendant "the Attorney", the defendant was entitled to privilege. And unless the prosecution can produce an independent source to the allegations, allegations in his claim are fruits of an illegal action and denial to of a defendant's right to due process. The allegations made against the defendant are the result of deliberate eavesdropping and were not discovered through inadvertence by the defendant. Nor were claims of a crime reported independently by the alleged victim. The DA has presented only a misrepresentation that the defendant has committed unemployment insurance fraud where as no appeal or dispute has been filed from neither the defendant's former employer nor UNION. Eavesdropping is established that the alleged victim was contacted 310 times.

Conclusion

By directing the defendant he is the attorney the court granted him the rights of attorney under California Law. And by allowing DA Matt Grecco to eavesdrop so he may develop and charge alleged crimes is a denial of due process.

Prayer For Relief

The defendant request dismissal.

Date: 2/11/2014                                Respectfully Submitted,
                                               Pedro Rodriguez

                                               In Pro Per

1      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2           IN AND FOR THE COUNTY OF SAN DIEGO

3                NORTH COUNTY DIVISION

4

5   DEPARTMENT 5          HON. CARLOS O. ARMOUR, JUDGE

6   _____
                                )
7   THE PEOPLE,                 )
                                )
8                               )  CASE NO. SCN333477
                                )  REPORTER'S TRANSCRIPT
9   VS.                         )
                                )
10  PEDRO RODRIGUEZ,            )
                                )
11                 DEFENDANT.   )
    _____)
12

13              REPORTER'S TRANSCRIPT

14               JULY 17, 2014
                 AUGUST 18, 2014
15

16

17  APPEARANCES:

18      FOR THE PLAINTIFF:      BONNIE DUMANIS
                                DISTRICT ATTORNEY
                                BY:  MATT GRECO
19                              BY: PATRICK ESPINOZA
                                DEPUTY DISTRICT ATTORNEY
20                              325 SOUTH MELROSE, SUITE 5000
                                VISTA, CALIFORNIA 92083
21
        FOR THE DEFENDANT:      APPEARING IN PROPRIA PERSONA
22

23

24

25

26              D'ANNE BARNES, CSR 11726
                OFFICIAL COURT REPORTER
27              VISTA, CALIFORNIA

28



1   ANOTHER LIVE WITNESS.  THERE WILL BE THREE WITNESSES; ONE IS

2   A POLICE OFFICER, TWO ARE CIVILIAN WITH THE VICTIM.

3          THE COURT:  WHAT'S THEIR AVAILABILITY WITHIN THE NEXT

4   30 DAYS?

5          MR. GRECO:  SHE WILL BE AVAILABLE IN 30 DAYS.  SHE'S

6   NOT LEAVING, BUT SHE WILL BE IN SCHOOL.  THERE WILL BE A

7   LITTLE BIT -- THERE WILL BE SOME ISSUES AS RELATES TO HER

8   SCHOOL.  SHE IN THIS COMMUNITY.

9          THE COURT:  ALL RIGHT.  THE COURT IS GOING TO MAKE A

10  FINDING THAT THE DEFENDANT FULLY UNDERSTANDS THE RIGHTS THAT

11  HE IS GIVING UP BY ASKING TO REPRESENT HIMSELF, THAT HE IS

12  OF SOUND MIND, DOESN'T APPEAR THAT HE HAS ANY MENTAL

13  DIFFICULTIES PREVENTING HIM FROM UNDERSTANDING THE RIGHTS HE

14  IS GIVING UP OR WAIVING FOR HIS PRO PER STATUS.  HE HAS

15  REPRESENTED HIMSELF IN THE PAST.  THAT WAS NOT SUCCESSFUL.

16  HE UNDERSTANDS ALL THE PITFALLS OF THAT CHOICE.  HE IS

17  MAKING AN INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.  I

18  GRANT THE PRO PER STATUS OF MR. RODRIQUEZ.  I RELIEVE THE

19  PUBLIC DEFENDER'S OFFICE FROM FURTHER REPRESENTATION OF

20  MR. RODRIQUEZ.

21          SINCE MR. RODRIQUEZ IS BEING GRANTED PRO PER

22  STATUS TODAY, I DO NOTE HE PREVIOUSLY MADE THIS REQUEST.  IT

23  WAS DENIED.  HOWEVER, THERE IS THIS A NOTATION HERE ABOUT

24  HIS READING GLASSES.  I WILL REQUEST THAT THE SHERIFF,

25  UNLESS THIS IS SOME SECURITY ISSUE WITH THE GLASSES, THAT HE

26  BE ALLOWED TO HAVE HIS GLASSES SO HE CAN READ AND PREPARE

27  HIS DEFENSE.

28          MR. RODRIQUEZ, YOU ARE NOW THE ATTORNEY.

1   WHAT ARE YOU ASKING ME TO DO?

2        THE DEFENDANT:  YOUR HONOR, I WOULD ASK THAT ALL

3   DISCOVERY BE PROVIDED TO ME AS SOON AS POSSIBLE, IF NOT NOW.

4   AGAIN, IN THE VIDEO OF THE DATED JUNE 16 --

5        THE COURT:  OKAY.  YOU ARE ASKING FOR DISCOVERY.  AS

6   FAR AS THE PRELIMINARY HEARING TODAY, WHAT DO YOU WANT?

7        THE DEFENDANT:  30 DAYS FROM NOW?

8        THE COURT:  PEOPLE?  SELECT A DATE IN 30 DAYS.  I WILL

9   FIND GOOD CAUSE TO CONTINUE THE MATTER TO ALLOW THE

10  DEFENDANT TO PREPARE HIS OWN DEFENSE.

11       MR. GRECO:  AUGUST 18TH.

12       THE COURT:  ALL RIGHT.  MR. RODRIQUEZ, YOU HAVE A RIGHT

13  TO YOUR PRELIMINARY HEARING WITHIN TEN DAYS, NO LATER THAN

14  SIXTY DAYS FROM YOUR ARRAIGNMENT.  DO YOU GIVE UP THAT RIGHT

15  SO THAT WE CAN SET IT FOR YOU SAID AUGUST 15?

16       MR. GRECO:  AUGUST 18, I THINK.

17       THE COURT:  AUGUST 18.

18       THE DEFENDANT:  YES.  I WILL WAIVE TIME AT THIS TIME.

19       THE COURT:  SHOW A TIME WAIVER.  SET A NEW PRELIMINARY

20  HEARING AUGUST 18, 2014, AT 8:45 IN THIS DEPARTMENT.  YOU

21  HAVE MADE A REQUEST FOR DISCOVERY?

22       THE DEFENDANT:  YES, SIR.

23       THE COURT:  THERE IS A PROCEDURE THAT IS FOLLOWED TO

24  GET DISCOVERY TO YOU THROUGH, I BELIEVE, THROUGH THE OFFICE

25  OF ASSIGNED COUNSEL.  THIS WILL TAKE A FEW DAYS TO PROCESS

26  BEFORE YOU GET THE INFORMATION.  IF YOU HAVE ANY ISSUES

27  CONCERNING THAT, YOU CAN COME BACK TO THE COURT AND I WILL

28  ADDRESS IT AT THAT TIME.  IT IS PREMATURE RIGHT NOW FOR YOU

1  TO BE ADDRESSING ISSUES OF DISCOVERY SINCE YOU JUST BECAME

2  YOUR OWN ATTORNEY.

3        THE DEFENDANT:  UNDERSTOOD.  UNDERSTOOD.  AND AS FAR AS

4  VIEWING THE DIGITAL MEDIA, THE INTERVIEWS, CAN I ARRANGE TO

5  HAVE A PRIVATE INVESTIGATOR POSSIBLY MEET ME AT THE JAIL AND

6  SHOW THAT TO ME?

7        THE COURT:  THAT'S SOMETHING WE WILL HAVE TO DISCUSS.

8        MR. GRECO:  THERE ARE A NUMBER OF INTERVIEWS THAT ARE

9  RECORDED ON DIGITAL MEDIA.  THAT IS A PART OF DISCOVERY.  I

10  WOULD ALSO MAKE THE REQUEST THAT -- COUNSEL HAS UNREDACTED

11  DISCOVERY.  THE PEOPLE WILL REISSUE ALL DISCOVERY BUT WITH

12  THE APPROPRIATE PRIVACY REDACTIONS THAT ARE NECESSARY UNDER

13  THE LAW.

14        COUNSEL HAS DISCOVERY THAT WAS UNREDACTED AND

15  THAT ISSUE WE HADN'T REALLY DISCUSSED, BUT I THINK THAT I

16  WILL BRING THAT TO THE COURT'S ATTENTION AND MR. WEINTRE'S

17  ATTENTION, JUST SO THAT THE PEOPLE CAN BE PERMITTED TO

18  REISSUE ALL OF DISCOVERY TO MR. RODRIQUEZ.

19        THE COURT:  ALL RIGHT.  I WILL LEAVE THAT TO THE

20  PARTIES; FORMER COUNSEL AND THE DISTRICT ATTORNEY.

21        THE DEFENDANT:  YOUR HONOR, ALSO I THINK IT WOULD BE

22  IMPORTANT THAT AT LEAST THE NAMES BE MADE AVAILABLE TO ME.

23  I MAY CALL WITNESSES.  I BELIEVE THERE ARE OTHER PARTIES

24  INVOLVED THAT WOULD EITHER IMPEACH THE VICTIM OR CORROBORATE

25  HER STORY.

26        THE COURT:  LET ME DO THIS:  I WANT YOUR REQUEST TO BE

27  DOWN IN WRITING ONCE YOU RECEIVE THE INITIAL DISCOVERY.  IF

28  THERE ARE OTHER REQUESTS, I WOULD LIKE TO SEE THEM IN

13

1  WRITING IN A MOTION FORM SO CAN I ADDRESS THEM AND THEY HAVE

2  NOTICE OF IT. I DON'T TO WANT TO GET INTO VERBAL DISCUSSION

3  HERE AS TO WHO HAS WHAT.

4           OKAY. I'M GRANTING YOUR PRO PER STATUS. BE

5  A LITTLE PATIENT UNTIL YOU GET YOUR DISCOVERY. IF YOU WANT

6  TO SET THIS BACK FOR HEARING, LIST WHAT YOU WANT ME TO

7  CONSIDER, AND THEN I CAN HAVE SOMETHING THAT I CAN FOCUS ON

8  AND SO CAN THE DISTRICT ATTORNEY SO THAT CAN HE RESPOND.

9  OTHERWISE WE WILL BE DEBATING THIS ISSUE ALL DAY.

10       THE DEFENDANT: EXERCISING MY RIGHT TO SUBPOENA, WILL I

11  HAVE AN INVESTIGATOR WHO WILL BE ABLE TO SERVE SUCH

12  SUBPOENAS OR TO INTERVIEW THE WITNESSES?

13       THE COURT: AGAIN, YOU WILL HAVE THE ASSISTANCE OF

14  SOMEBODY THAT CAN HELP YOU WITH DELIVERING SUBPOENAS AND

15  CONTACTING WITNESSES.

16       THE DEFENDANT: I NEED AN INVESTIGATOR TO CONDUCT

17  INTERVIEWS.

18       THE COURT: ALL RIGHT. YOU MAY NEED TO PUT THAT DOWN

19  IN WRITING. YOU WILL GET SOME DISCUSSION AT THE JAIL WITH,

20  I BELIEVE, OFFICE OF ASSIGNED COUNSEL --

21       THE DEFENDANT: I CAN.

22       THE COURT: -- AS TO WHAT THEY CAN PROVIDE FOR YOU. IF

23  THAT IS NOT SUFFICIENT, YOU CAN ADDRESS THE COURT AND I CAN

24  SEE WHETHER IT IS SOMETHING THAT YOU ARE ENTITLED TO HAVE.

25       THE DEFENDANT: OKAY. ALSO THIS CASE IS BASED HEAVILY

26  IN DIGITAL MEDIA, CONTACTS THROUGH FACEBOOK, KICK. I

27  BELIEVE THERE IS A PARTICULAR IMAGE OF ME. THE RAW DIGITAL

28  DATA WOULD HAVE DATES AND INFORMATION ON IT. I MAY NEED A

16

1   HEAR WHAT ALL OF THE DISCOVERY MAY BE.  I WILL SEND YOU OUT.

2   THE PRELIMINARY HEARING IS GOING TO GO.  IS THAT WHAT YOU

3   WANT TO DO?

4        THE DEFENDANT:  YES.  CAN I HAVE THAT RIGHT NOW TO

5   REVIEW IT?

6        THE COURT:  WELL, THERE IS A PROCESS WHERE IT'S

7   PROCESSED THROUGH THE OAC.  IT'S ON ITS WAY.

8        THE DEFENDANT:  THE DISCOVERY THAT I HAVE, IF YOU LOOK,

9   NOTHING HAS BEEN REDACTED.  THAT WAS THE WHOLE REASON WHY IT

10  WENT THROUGH ASSIGNED COUNSEL.  THAT WAS THE REASON.  NOT

11  ONE THING HAS BEEN MARKED OUT.  THIS IDEA THAT GOING THROUGH

12  ASSIGNED COUNSEL JUST SEEMS LIKE AN UNFAIR ADVANTAGE.  UNDER

13  BRADY VERSUS MARYLAND, I SHOULD HAVE HAD THAT IMMEDIATELY,

14  AND THERE WAS NO REASON FOR ME NOT TO.

15       THE COURT:  IMMEDIATELY IS PROBABLY AN EXAGGERATION.

16  YOU HAVE THE RIGHT TO IT IN A REASONABLE TIME.

17       THE DEFENDANT:  I UNDERSTAND.

18       THE COURT:  IT'S BETTER IF I ASSIGN THIS OUT AND YOU

19  CAN DISCUSS IT WITH THE JUDGE.

20       THE DEFENDANT:  CAN I REVIEW IT?

21       THE COURT:  I'M NOT SURE THAT MR. ESPINOZA --

22              DO YOU HAVE THAT WITH YOU?

23       MR. ESPINOZA:  I DO NOT.  THE OFFICE OF ASSIGNED

24  COUNSEL PICKED IT UP ON THE 15TH OF AUGUST.  IT'S MY

25  UNDERSTANDING THAT THEY DID NOT PROVIDE THAT YET TO

26  MR. RODRIGUEZ.  I DO NOT HAVE ADDITIONAL COPIES.

27       THE COURT:  WHO IS THIS GENTLEMAN?

28       MR. CONTRERES:  GOOD MORNING, YOUR HONOR.  MY NAME IS

IN THE SUPERIOR COURT OF THE NORTH COUNTY DIVISION

COUNTY OF SAN DIEGO, STATE OF CALIFORNIA

DEPARTMENT 31            HON. TIMOTHY M. CASSERLY, JUDGE

THE PEOPLE OF THE STATE OF ) 
CALIFORNIA, )
 )
                    PLAINTIFF, ) CASE NO. CN333477
 ) DA NO. OBX722
          VS. )
 ) PRELIMINARY HEARING
PEDRO LUIS RODRIGUEZ, )
 )
                    DEFENDANT. )
 )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

AUGUST 18TH, 2014

APPEARANCES:

FOR THE PLAINTIFF:          BONNIE M. DUMANIS
                            DISTRICT ATTORNEY
                            BY:  PATRICK ESPINOZA
                            DEPUTY DISTRICT ATTORNEY


FOR THE DEFENDANT:          PROPRIA PERSONA



REPORTED BY:                LISA A. RYALLS
                            CSR NO. 11771
                            OFFICIAL COURT REPORTER
                            SAN DIEGO SUPERIOR COURT

COPY



CHRONOLOGICAL INDEX OF WITNESSES

PAGE

REBECCA J.
    DIRECT EXAMINATION BY MR. ESPINOZA                4
    CROSS-EXAMINATION BY THE DEFENDANT               34
    REDIRECT EXAMINATION BY MR. ESPINOZA             43
    RECROSS-EXAMINATION BY THE DEFENDANT             46
    REDIRECT EXAMINATION BY MR. ESPINOZA             47
    RECROSS-EXAMINATION BY THE DEFENDANT             48

STEVE STRACKE
    DIRECT EXAMINATION BY MR. ESPINOZA               49
    CROSS-EXAMINATION BY THE DEFENDANT               60
    CROSS-EXAMINATION BY THE                         68
    DEFENDANT(RESUMED)
    REDIRECT EXAMINATION BY MR. ESPINOZA             74
    RECROSS-EXAMINATION BY THE DEFENDANT             81

STEVE STRACKE
    RECROSS-EXAMINATION BY THE DEFENDANT             88
    (RESUMED)

2

```
 1   THAT WAS MADE THROUGH THE SAN DIEGO COUNTY SHERIFF'S
 2   DEPARTMENT.  I DON'T KNOW EXACTLY HOW THEY DO IT, BUT
 3   THERE'S NUMEROUS ADMONITIONS ABOUT -- IT'S FROM THE SAN
 4   DIEGO COUNTY SHERIFF'S DEPARTMENT.
 5        THE DEFENDANT:  I'M GOING TO OBJECT DURING WHAT TIME
 6   HE MADE THIS CALL.  OTHERWISE, I WOULD HAVE
 7   ATTORNEY-CLIENT PRIVILEGE AT THAT POINT.
 8        THE COURT:  OVERRULED.
 9        THE WITNESS:  FROM LISTENING TO THE CALL I BELIEVE
10   IT WAS MADE PRIOR TO HIM -- AFTER HE WAS IN CUSTODY BUT
11   BEFORE HIS FIRST COURT APPEARANCE.
12   BY MR. ESPINOZA:
13        Q    BY HIM YOU'RE REFERRING TO THE DEFENDANT
14   MR. RODRIGUEZ?
15        A    YES.
16        Q    AND WHAT WAS THE CONTENT OF MR. RODRIGUEZ'S
17   RECORDED JAIL CALL THAT WAS OF SIGNIFICANCE TO YOU?
18        THE DEFENDANT:  OBJECTION.  NOT BEEN PRIVY TO THIS
19   EVIDENCE AT ALL.  I DON'T KNOW IF THIS EVIDENCE EXISTS.
20        THE COURT:  ALL RIGHT.  THE OBJECTION IS OVERRULED.
21        THE WITNESS:  I'M SORRY.
22        THE COURT:  ANSWER THE QUESTION?
23        THE WITNESS:  CAN YOU PLEASE REPEAT YOUR QUESTION,
24   SIR.
25   BY MR. ESPINOZA:
26        Q    SURE.  WAS THERE ANY SIGNIFICANT CONTENT IN THE
27   JAIL PHONE CALLS THAT YOU RECORDED?
28        A    WELL --
```

OFFICE OF

**THE DISTRICT ATTORNEY**
COUNTY OF SAN DIEGO

North County
325 South Melrose Suite 5000
Vista, CA 92081-6691
(760) 806-4004

**JESUS RODRIGUEZ**
ASSISTANT DISTRICT ATTORNEY

http://www.sandiegoda.co

**BONNIE M. DUMANIS**
**DISTRICT ATTORNEY**

Pedro Luis Rodriguez
Defendant -- Pro Per

October 23, 2014

RE: <u>Pedro Luis Rodriguez  CN333477 – Discovery prepared</u>

Dear Mr. Rodriguez:

Our records indicate that you have received the following discovery:

1. CD – Photos – dildos, lubricant etc turned into officer Solo.
2. CD – Social Media (includes the Facebook powerpoint slides); emails including threatening letter et.
3. CD – Interview by Off. Solo of Rebecca J on 5/27/2014
4. DVD – Interview with Rebecca J. 5/29/2014 – Stracke
5. DVD – Interview with Rebecca J and Geraldine Johnson / 6/12/2014 – Stracke
6. DVD – Interview with Rebecca J 6/16/2014 – Stracke
7. DVD – Photos from Emails and additional material that was available from the police and uploaded via the internet to be discovered on 7/24/2014 – includes the photos attached to emails received by Off. Solo and Off. Mangrum from the defendant – photos of perfume bought by Def and dress
8. 2 DVD'S – RCFL Results – 2 discs – Victim's computer
9. 3 DVD's – duplication of prior discovery at the request of the defendant
    a. DVD – Interview with Rebecca J. 5/29/2014 – Stracke
    b. DVD – Interview with Rebecca J and Geraldine Johnson / 6/12/2014 – Stracke
    c. DVD – Interview with Rebecca J 6/16/2014 – Stracke
10. 1 USB flash drive – UFED report (Pedro's phones)  — *not the Same* ⟩ *No accred. attm*
11. 2 DVD's – Extracted Data (Pedro's phones)  — *Not the Same*
12. 2 DVD's – UFED report (Rebecca's phone – I Phone 5)  — *No accred. detm or dechmtm*
13. 2 DVD's RECF Results disc (Item 19 – Vict's computer – duplicate of prior discovery)
    a. 2 DVD as listed in no 8 above.
14. 1 DVD RCFL Results (Pedro Rodriguez Laptop)  — *Urong format*
15. 1 CD – Photos of text messages from Clarissa L. phone.
→ 16. 1 CD – Jail Call from 7/16/14 ⟸
17. 2 CDs – Download of Text's from Kelly Grace Cell Phone; Text Messages sent from Mrs. Longo to DAI Pierce on 10/15/14
18. 3 CDs – Duplicate of items listed above in 1-3.
    a. CD – Photos – dildos, lubricant etc turned into officer Solo.
    b. CD – Social Media (includes the Facebook powerpoint slides); emails including threatening letter et.

*7 of 9*

**DISCOVERY RECEIPT:**                                  Receipt Number: _____

Date Available: 00/00/0000 00:00 AM                     Division: North County Branch

◯ Original        ● Supplemental                        Trial DDA: GRECO, MATTHEW PAUL

Defendant: Pedro Luis Rodriguez        DA Number: OBX722        Court Number: CN333477

AKA(s): Pedro Luis Rodrigues                            DOB: 04/03/1972

Co-Def(s): _____

Defense Attorney: ▓▓▓▓▓▓        Business Phone: ( )  -

◯ APD      ◯ MCO      ◯ OPD      ● ▓OAC      ◯ PCC      ◯ Pro Per      ◯ Retained

Arrest Date: 06/23/2014        Booking Number: ▓▓▓

Agency Case ID: 14006874        Agency: Oceanside Police Department

ARR: 07/07/2014 01:30 PM    PER: 00/00/0000 00:00 AM    PE: 00/00/0000 00:00 AM    ARR-S: 09/02/2014 08:30 AM

MRH: 00/00/0000 00:00 AM    MPTR: 00/00/0000 00:00 AM

CT: 00/00/0000 00:00 AM    JT: 10/22/2014 08:40 AM    EV: 00/00/0000 00:00 AM    Other: 00/00/0000 00:00 AM

Lab:        Type:        Lab No:        Fluid Report No:        Instrument No:

---

**Reports/Media Included:**

| Discovery Number: | Discovery Type: | Report Item Type: | Qty/Pgs: | Further Description: |
|---|---|---|---|---|
| 963969-20 | Media | Compact Disc | 1 | Jail Call from 7/16/14 |

Number of Pages: _____        Total Cost: _____

| | | @ | Sub-T: | |
|---|---|---|---|---|
| ☐ Audio | | @ | Sub-T: | |
| ☑ Compact Disc | 1 | @ 10.00 | Sub-T: | 10.00 |
| ☐ Diskette | | @ | Sub-T: | |
| ☐ Photos / Negatives | | @ | Sub-T: | |
| ☐ Scanned Photo/Paper | | @ | Sub-T: | |
| ☐ Video | | @ | Sub-T: | |
| ☐ DVD | | @ | Sub-T: | |

Total Cost: 10.00

DISTRICT ATTORNEY
RECEIVED
2014 OCT 17  AM 9: 50
NORTH COUNTY BRANCH

---

Cash: _____    Check: _____    Check Number: _____    **Grand Total:** _____

Printed By: MMITCH    10/15/2014    Received by: *Lauren Cingram*  Date: 10/17/14

8 of 9




OFFICE OF THE
# DISTRICT ATTORNEY
COUNTY OF SAN DIEGO
BUREAU OF INVESTIGATION

### CASE NO. (CN333477/ OBX722)

**DEF:** Pedro Rodriguez                    **INV:** Linda Vazquez, Paralegal
**CHARGE:**   PC 286(b)(1)                    **DDA:** Matthew Greco

---

## MONITORED JAIL COMMUNICATIONS:

Defendant: _Pedro Luis Rodriguez_           Booking #/ JIM #: _14745493/ 400336665_

Jail Location: _South bay Detention Facility_   Date (s) monitored: _07/12/14 to 07/19/14_

Authorizing DDA: _Matthew Greco_

### Type of jail communication monitored:

■| Jail Calls (see attached PCS log printout)        ☐ E-mail (see attached e-mail)

☐ General Jail Mail (see attached letter)           ☐ Social Visit (see attached disc)

All monitored jail calls were transferred to a disc and provided to DDA Matthew Greco and DAI Cathy Pierce on November 17, 2014.

## INVESTIGATIVE REPORT:

On November 5, 2014, I was directed by DDA Greco to monitor selected jail communications for San Diego Central Jail inmate, Pedro Luis Rodriguez.

Rodriguez made twenty four (24) telephone calls to 650-576-6799 between 07/12/14 and 07/19/14 using multiple Account Numbers. These calls were downloaded from the Securus system and burned to a compact disc. I reviewed the calls and forwarded the CD to DDA Greco and DAI Pierce.

**REPORT BY:**   Linda Vazquez                    **DATE:** 11/17/14

**APPROVED BY:** _____   **DATE:** 11-17-14

# ANCILLARY SERVICES REQUEST FORM (Pro Per Version)
## OFFICE OF ASSIGNED COUNSEL
### COUNTY OF SAN DIEGO
#### Revised: November 20, 2013

Defendant Name: _____ Date: _____

Court Case Number: _____ (Only list one case number, use separate
Ancillary Service Request forms for each case if services are need on additional cases.)

> **[Confidentiality Notice:** The information contained in this request is confidential work product information pursuant to California Code of Civil Procedure 2018.030. The information will not be shared with the prosecution or any other persons or entities without your consent.]

## Instructions:

1. You must submit a separate Ancillary Services Request form for each type of service you request (or any new service of the same type).

2. You are only entitled to receive services if you show the services are necessary for your defense. (*Smith v. Enomoto*, (9th Cir. 1980) 615 F.2d 1251)

3. You must provide *sufficient detail* (justification) on this form for OAC to determine if the requested service is necessary for your defense.

4. OAC is only authorized to provide services if you show the services are reasonable and necessary.

5. If you do not provide a justification statement demonstrating that the service is reasonable and necessary, your request will be denied.

6. If investigative services are requested, please describe the specific investigative tasks to be performed, so OAC can estimate the amount of investigator time that will be required to complete these tasks.

7. If witnesses are to be interviewed or subpoenaed, please provide the name of each witness and all the contact information you have.

8. If you are requesting to have subpoenas served, you must prepare the subpoenas and include them with this request.

9. OAC is not authorized to provide legal services, such as legal research, legal writing, or legal advice. Since you are acting as your own attorney, you provide such services for yourself.

**PRIVACY NOTICE:** This communication is intended only for the use of the addressee and his or her authorized agents. If you are not authorized to receive this communication, it is prohibited to read or disseminate in any way the attached material, subject to state and federal law.
Revised 11/20/2013.

made available to you and then send that docket with an ASR for the transcript to OAC. Upon receipt we will contact the court reporter and approve your ASR for the transcript, pursuant to the judge's order. We will pay the court reporter for the transcript and deliver it to you when it is completed. **OAC will only pay for transcripts that are reasonably related to your pending criminal case.** OAC does not provide transcripts for appellate purposes, and again, all transcript requests require approval from the judge.

## COURT APPEARANCES

OAC will not appear on your behalf when you go to court. We do not represent you. You are not our client. You are your own attorney. OAC will not appear with you for any court proceeding unless a judge orders us to do so.

If you are in open court with a judge and the prosecutor assigned to your case, a court reporter will transcribe everything that is said by all persons. What you say in open court can be used against you for plea bargaining purposes and/or for trial. If you discuss in open court ancillary services and/or anything relating to your trial strategy or tactics, you are disclosing your "work product."

Under California law, a Pro Per has a right to protect his "work product" just as if he was represented by an attorney. Therefore, the prosecution should not be permitted to learn about your trial strategy during any discussion of ancillary services, because the law doesn't want to give your opponent an unfair advantage. Accordingly, whenever you are in court and "work product" issues will be discussed, you may ask the judge to:
1. Have the prosecutor and public leave the courtroom;

2. Discuss ancillary services and/or "work product" issues **only** with the judge being present, along with staff and the court reporter; and finally,

3. Prepare a transcript of the confidential proceedings and order it to be sealed.

When the confidential proceedings relating to your "work product" are completed, the judge will summon the prosecutor back into the courtroom. In sum, your "work product" will be safeguarded.

Generally, there will be at least one court appearance where the prosecutor will offer you a plea bargain. You can discuss the plea bargain and sentencing with the judge, too. You have a right to plead guilty or to go to trial. You will make that decision as your own attorney.

SAN DIEGO CENTRAL JAIL
1173 FRONT STREET
SAN DIEGO CA 92101

CLERK OF THE US DISTRICT COURT
333 WEST Broadway
SUITE 420
SAN DIEGO CA 92101

LEGAL MAIL

LEGAL MAIL

