# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br>Inmate Booking No. 14745493,<br><br>          Plaintiff,<br><br>vs.<br><br>ROBERT S. STALL; LAURA ENGREM;<br>F. MICHAEL GARCIA;<br>OFFICE OF ASSIGNED COUNSEL;<br>MELISSA MITCHELL; PATRICK<br>ESPINOZA; MATT GRECO; CATHY<br>PIERCE; VANESSA MAGANA;<br>LETICIA LOPEZ-HELDAGO; CITY OF<br>SAN DIEGO; COUNTY OF SAN<br>DIEGO,<br><br>          Defendant. | Civil No.   14cv2646 LAB (DHB)<br><br>**ORDER DISMISSING FIRST<br>AMENDED  COMPLAINT FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO<br>28 U.S.C. § 1915(e)(2)(B)(ii)<br>AND § 1915A(b)(1)** |

## I.     Procedural History

On November 5, 2014, Pedro Rodriguez ("Plaintiff"), currently housed at the Vista Detention Facility located in Vista, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).    Plaintiff did not prepay the civil filing fee; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3).  The Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a

1  claim upon which relief could be granted. (Doc. No. 4.) The Court granted Plaintiff
2  leave to file an amended complaint in order to correct the deficiencies of pleading
3  identified in the Court's Order. (*Id.*) On March 26, 2015, Plaintiff filed his First
4  Amended Complaint ("FAC"). (Doc. No. 10.)

**II.   Sua Sponte screening per 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

   **A.   Standard of Review**

As the Court previously informed Plaintiff, notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA:) obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.     Plaintiff's First Amended Complaint

In Plaintiff's First Amended Complaint, he claims that his due process rights have been violated by Defendants in the processing of the criminal charges brought against him. He seeks to hold various deputy district attorneys, along with investigators who work with the deputy district attorneys, liable for these allege constitutional violations. Plaintiff seeks injunctive relief in the form of an injunction from this Court "further prosecuting case" and preventing the "use of evidence." (FAC at 8.)

It is not clear whether Plaintiff is currently defending himself in a criminal proceeding or whether he has been convicted and sentenced in a criminal matter. Regardless, it is clear that Plaintiff may not use the Civil Right Act, 42 U.S.C. § 1983, to reverse a criminal conviction. *See Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to collaterally "attack the validity of his confinement" in  federal court). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action

is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser,* 411 U.S. at 498-99).

To the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the false criminal allegations and prosecution, his claims amount to an attack on the validity of his underlying criminal proceeding, and as such, are not addressable under 42 U.S.C. § 1983, unless he alleges and can ultimately show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Harvey v. Waldron*, 210 F.3d 1008, 1014-15 (9th Cir. 2000) (*Heck* also "applies to pending criminal charges.").

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's claims "necessarily imply the invalidity" of his criminal proceedings and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that Defendants have violated his right to due process or equal protection, an award of damages based on these violations would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.* Thus, because Plaintiff seeks damages based on allegedly unconstitutional criminal proceedings, and because he has not alleged that his conviction or sentence has already been invalidated, a section 1983 claim for damages may not yet proceed. *See Heck*, 512 U.S. at 489-90.

Finally, to the extent that Plaintiff is currently in the process of facing criminal charges and requests that this Court intervene in the state court's decisions, the Court declines to do so. A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, because it appears that Plaintiff has ongoing criminal proceedings in state court and requests this Court's intervention, abstention pursuant to the *Younger* doctrine is warranted.

Thus, for all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court also **DENIES** Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2. The Court also **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: April 23, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge