# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br>Inmate Booking No. 14745493,<br><br>                     Plaintiff,<br>vs.<br>ROBERT S. STALL, et al.,<br>                     Defendants. | Civil No.   14cv2646 LAB (DHB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(ECF No. 14)** |

## I.  Procedural History

Plaintiff, an inmate currently housed at the San Diego Central Jail, is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983. On April 23, 2015, this Court dismissed Plaintiff's First Amended Complaint ("FAC") for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). (ECF No. 11.) The Court also denied Plaintiff leave to amend on the ground that it was futile. (*Id.*)

On September 21, 2015, Plaintiff filed a "Motion to Amend Judgment and/or Relief from Judgment" pursuant to FED.R.CIV.P. 60(b). (ECF No. 14.)

/ / /

/ / /

/ / /

## II. Plaintiff's Motion

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B. Plaintiff's claims

In Plaintiff's FAC, he named a number of defendants including deputy district attorneys, investigators with the District Attorney's office and investigators with the State of California Employment Development Department. (*See* FAC at 1-3.) Plaintiff raised allegations pertaining to the criminal charges against him and objected to the rulings in his preliminary hearing in his FAC. Plaintiff's request for relief was an injunction preventing "further prosecuting case" and "use of evidence testimonial or real." (FAC at 8.) The Court found that Plaintiff's request would require this Court to intervene in an ongoing state court proceeding and declined to do so. (ECF No. 11 at 5.) A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris,* 401 U.S. 37, 46, 53-54 (1971).

In Plaintiff's Motion currently before the Court, he argues that the Court should allow further amendment of his pleading because he is really seeking to add an "access to courts" claim against, among others, the San Diego County Sheriff's Department. (Pl.'s Mot. at 3-4.) Specifically, the Plaintiff argues that while he has been housed in the San Diego Central Jail, he has been denied access to photocopies and postage in order to submit documents to assist his legal proceedings. (*Id.* at 2.) This is an entirely new and

separate claim against new defendants that were not part of the original or amended complaint in this action. Plaintiff offers no justifiable reason why he did not seek to bring these claims in his original pleadings or why he waited five months after judgment was entered to bring these claims. It appears that many of these claims may have arisen after judgment was entered in this matter. Accordingly, Plaintiff's Motion for Relief from Judgment is **DENIED**. If Plaintiff wishes to raise new claims against new defendants, he should file a separate action.

### III. Conclusion and Order

Accordingly, Plaintiff's Motion brought pursuant to FED.R.CIV.P. 60 (ECF No. 14) is hereby **DENIED** without prejudice.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: October 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN** BURNS
United States District Judge